CEDAR RAPIDS NATIONAL BANK v. WILLIS B. LUNDY.

[51 South. 4.]

PROMISSORY NOTES. *Execution.   Evidence.   Peremptory instruction. Equivocal denial.*

> Where defendant had twice admitted the execution of the note sued upon in letters to the plaintiff, an equivocal denial thereof by him as a witness will not preclude a peremptory instruction in plaintiff's favor, there being no other defense to the suit.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

The national bank, appellant, was plaintiff in the court below; Lundy, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*McIntosh Bros.,* for appellant.

*D. C. Enochs,* for appellee.

[The reporter was unable to find the briefs of counsel in this case, hence no synopses of them are given.]

MAYES, J., delivered the opinion of the court.

On an examination of this entire record, it is manifest to us that the peremptory instruction asked for on the part of plaintiff

should have been given.    There was no question in this case to
be submitted to a jury; it plainly appearing, from the admissions
made ·in the letters written by appellee to the Barton-Parker
Manufacturing Company, that the notes in question were signed
by him.    This is independent of the equivocal denial of appellee
in his testimony.    The appellee admits buying and getting the
goods, amounting to $480, and in a letter· of August 28, 1907,
writes inclosing check for $100 in part payment for the goods.
Again, on October 14th, another check for $100 was sent.    On
October 24th the appellee writes, complaining that he could not
sell the goods, and says: "I realize you have put the notes in
bank, but you could get same.    I have made a mistake in buying
too heavy, and now I am cramped for funds.    This is why I
ask you to allow me to return the jewelry."    Again, on Decem-
ber 16th, he writes: "A payment is due you today by me under
the two contracts I signed, and which you hold."    In this same
letter it is true that appellee denies making the notes; but it is
after all the above admissions, and after the attempt on his
part to get the contract rescinded.    This is too plainly an ad-
mission on the part of appellee of the signing of these notes to
admit of any contradiction.

*Reversed and remanded.*